**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 4:09 CR 209** |
| | ) | **(4:10 CV 2415)** |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Tawhon Easterly,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion to Vacate, Set Aside, or Correct Conviction and Sentence Under 28 U.S.C. § 2255 (Doc. 24) and Memorandum in Support of Petitioner[']s Motion for Relief from Judgment (Doc. 27).[1] For the following reasons, the motions are DENIED.

**Facts**

---

[1] Also pending is defendant's Motion for Leave to File Affidavit in Support of Motion Under 28 U.S.C. § 2255 (Doc. 25). The motion is granted under Rule 7(b) of the Rules Governing Section 2255 Proceedings which states, "Affidavits also may be submitted and considered as part of the record."

1

On August 20, 2009, defendant entered a plea of guilty to Count One of the indictment which charged defendant with being a felon in possession of a firearm. Defendant was thereafter sentenced by this Court to a period of 60 months, with three years of supervised release to follow.

The facts as stated in the Plea Agreement are as follows:

> On April 15, 2009, [defendant] knowingly possessed a firearm when the vehicle he was driving was stopped by an officer of the Canfield Police Department for a motor vehicle violation. An Ohio LEADS check also showed that the defendant was operating with a suspended drivers license. The defendant was placed under arrest for DUS and his person was searched prior to being placed in a patrol car. The officer found an empty firearm holster in the defendant's waist band of his pants along with a small amount of marijuana.
>
> Since the defendant's vehicle was going to be towed, the officer conducted an inventory of the vehicle per Canfield Police Department's written inventory policy. A loaded .9mm Ruger handgun, model P95, serial number 31497427, with 16 rounds of .9mm ammunition, was found under the passenger side front seat of the vehicle. The defendant was the only occupant of the car on April 15, 2009.
>
> The defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year [in the Mahoning County Common Pleas Court], those are, Assault... and Involuntary Manslaughter, Felonious Assault and Firearm Specification...

(Doc. 20)

**Discussion**

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

In his Motion to Vacate, defendant asserts one ground for relief: "Counsel was

2

ineffective in not securing [defendant] a full and fair suppression hearing." Defendant filed a brief in support of the claim. Subsequently, without leave of Court, defendant filed his Memorandum in Support of Petitioner[']s Motion for Relief from Judgment which sets forth an entirely new claim. Defendant asserts that the Court wrongly applied a void state conviction toward the computation of his sentence.

### (1) Ineffective assistance of counsel

The Sixth Circuit has set forth the applicable standard in assessing the claim,

> In order to prevail on a claim of constitutionally ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.' " *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland* 466 U.S. at 688). To meet that standard, counsel must perform within the bounds of "prevailing professional norms." *Strickland* 466 U.S. at 688. When assessing performance, courts must indulge a "strong presumption" that counsel's conduct "falls within the wide range of reasonable professional assistance" by resisting the temptation to evaluate counsel's representation through the distorting lens of hindsight. Id. at 689.

*Adams v. U.S.*, 622 F.3d 608 (6th Cir. 2010).

Defendant maintains that his trial counsel was ineffective because, although counsel acknowledged that defendant's rights had been violated as evidenced by the preparation of a motion to suppress, counsel failed to submit the motion to the district court or for appellate review. Instead, counsel coerced defendant into pleading guilty and thereby procured defendant's involuntary waiver of those rights. In failing to litigate the motion to suppress, counsel failed to object and challenge the evidence seized as a result of an illegal stop and detention.

Plaintiff does not address this claim. Plaintiff's response brief acknowledges only the

new claim set forth in defendant's Memorandum in Support of Petitioner[']s Motion for Relief from Judgment. Apparently, plaintiff either overlooked defendant's original brief in support of his Motion to Vacate, or assumed that defendant's new claim superceded the original claim. In any event, the Court finds that this claim has no merit.

First, defendant's counsel did file the Motion to Suppress Evidence with this Court on July 30, 2009. Defendant, however, subsequently entered his plea of guilty and, consequently, the motion was not ruled upon.

Second, defendant's Plea Agreement states that defendant "acknowledges that his offer to plead guilty is freely and voluntarily made and that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty." (Doc. 20) Additionally, the Plea Agreement states that defendant "has been advised by his attorney of the constitutional and other rights of an accused... [and] possible defenses." Defendant signed the Plea Agreement and, despite his averments to the contrary in his recent affidavit submitted in conjunction with his Motion to Vacate, thereby represented that his guilty plea was freely made.

**(2) Computation of Defendant's Criminal History**

Plaintiff addresses this claim on the merits although the Plea Agreement states that defendant waived his right to file a proceeding under 28 U.S.C. § 2255 with the exception of raising claims of ineffective assistance of counsel or prosecutorial misconduct.[2] (Doc. 20) On this basis, defendant cannot present his new claim to this Court. Even if the Court were to

---

[2] Although defendant reserved the right to appeal certain issues regarding his sentence, defendant did not file an appeal.

consider it, the claim fails.

Although not entirely clear, defendant asserts that his 2002 State of Ohio conviction for involuntary manslaughter, three counts of felonious assault, along with a firearm specification is void under Ohio law because the state court failed to properly inform him at the time of sentencing that he was subject to post-release control. At his sentencing herein, this Court counted these prior sentences under U.S.S.G. § 4A1.1 in calculating defendant's Criminal History Category of IV. Defendant contends that the Court erred in applying the predicate enhancement because the conviction was void and that without the erroneous application of the additional six points, he would have received a significantly lower sentence. Defendant asks that the Court re-sentence him without the additional six points.

Plaintiff is in agreement with the underlying basis of defendant's argument. The Ohio Supreme Court in *State of Ohio v. Simkins,* 117 Ohio St.3d 420 (2008), held that an Ohio felony sentence which did not include a required post-release control element is void. Subsequently, Ohio Revised Code §2929.191 was enacted and allowed the sentencing court to enter a *nunc pro tunc* judgment to correct or include the term of post-release control. In *State v. Singleton*, 124 Ohio St.3d 173 (2009), the Ohio Supreme Court held that Ohio Revised Code §2929.191 applied only to sentences imposed on or after the statute's effective date, July 11, 2006. For sentences imposed prior to the effective date of the statute, in which a trial court failed to properly impose post-release control, trial courts shall conduct a *de novo* sentencing hearing. *Singleton* re-emphasized that sentences which fail to properly notify an offender at the sentencing hearing of the imposition of post-release control are void.

Plaintiff, however, contends that defendant may not collaterally attack his prior state

conviction in the proceeding herein.  For the following reasons, this Court agrees.

In *Custis v. United States*, 511 U.S. 485 (1994), the Supreme Court held that unless there has been a previous ruling that a conviction has been ruled constitutionally invalid, or unless the conviction has been obtained without counsel, a collateral attack on the conviction is not allowed at the federal sentencing.  Defendant does not claim that his prior state felony conviction was uncounseled. Thus, he may not attack his prior state conviction in this federal proceeding.

Plaintiff maintains that defendant's proper course of action is to collaterally attack the prior conviction in the state court and, if successful, he may be entitled to have the federal sentence proceeding re-opened.  If defendant is precluded from attacking the prior state conviction, he is without a remedy.  This Court agrees.  In *Daniels v. United States,* 532 U.S. 374 (2001), the Supreme Court extended the *Custis* rule to § 2255 proceedings and reiterated that unless the prior state conviction was obtained in violation of the right to counsel, the defendant may not challenge its validity in his federal sentencing proceedings.  Rather, defendant's recourse is to challenge the prior conviction collaterally in the state courts.  But,

> If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

*Id.* at 382.

For these reasons, this claim is either waived or fails on the merits.

6

**Conclusion**

For the foregoing reasons, defendant's Motion to Vacate, Set Aside, or Correct Conviction and Sentence Under 28 U.S.C. § 2255 and Memorandum in Support of Petitioner[']s Motion for Relief from Judgment are denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 12/9/10